[No. 29811. Department Two. August 30, 1946.]

A. M. GARRISON *et al., Respondents,* v. ROZA IRRIGATION DISTRICT, *Appellant.*[1]

[1]Reported in 172 P. (2d) 266.

*Stephen E. Chaffee,* for appellant.

*Cheney, Hutcheson & Gavin,* for respondents.

ROBINSON, J.—This action was brought to quiet title to a tract of land in Yakima county, lying within the boundaries of the Roza irrigation district. The case was tried upon an agreed statement of facts. It is stipulated that, in 1925, the owner of the land permitted assessments imposed by the irrigation district (then known as the Yakima-Benton irrigation district) to become delinquent; and the county treasurer, who is ex-officio treasurer of the district, pursuant to statute, advertised the property for sale and, on July 24, 1926, struck off and sold the property to the irrigation district for the amount of the assessments, sixteen dollars. There was no redemption from this sale within the two-year period provided by statute, and, on July 25, 1928, the county treasurer issued his deed to the district, which deed was recorded January 30, 1929.

The owner had also failed to pay general state and county taxes levied upon the property for the years 1922 to 1927, inclusive, and, on June 1, 1928, the county instituted proceedings in the superior court of Yakima county to foreclose the lien of these taxes, amounting to $311.46, and also to collect irrigation district assessments for the years 1925 to 1927, inclusive, amounting to $34.29. Thereafter, on August 6, 1928, the court entered its decree of foreclosure directing a sale of the property, and, on August 18, 1928, the property was sold to the county, there being no other bidders, for the amount of the unpaid general state and county taxes and the irrigation assessments. The deed to the county was issued August 29, 1928, and recorded on the same day.

Thereafter, Yakima county, pursuant to the order of its board of county commissioners, and after giving the notice

required by the statute, then in effect, Rem. Rev. Stat., § 11294, offered the property for resale; and, on July 27, 1935, plaintiffs being the highest and best bidders, the property, together with a much larger tract, was struck off and sold to them for six hundred forty dollars. ·On the same day, plaintiffs entered into a written contract for treasurer's deed No. 411, and thereafter fulfilled all of the terms of the contract and paid the purchase price. On November 29, 1943, they received a deed to the property from the county, which deed was recorded December 1, 1943.

It was also stipulated that the land was vacant and unoccupied land; that, annually, since 1935, Yakima county levied personal property taxes upon the contract, and, after plaintiffs received a deed to the property, levied taxes upon the property, all of which personal and real property taxes were paid by plaintiffs, and that, in all matters relating to the purchase of the land by plaintiffs, they acted in good faith, without any actual knowledge of the outstanding deed to the irrigation district of July 25, 1928.

The question for decision is: In whom is the title to the property vested, plaintiffs or the irrigation district? The trial court held that the title was vested in plaintiffs, basing its decision, however, upon Rem. Rev. Stat., § 789 [P.P.C. § 24-47], which provides:

"Every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title. . . ."

Appellant irrigation district contends that, under the rule announced by this court in *North Spokane Irr. Dist. v. Spokane County,* 173 Wash. 281, 22 P. (2d) 990, the deed from the county treasurer to the irrigation district of July 25, 1928, conveyed the title free from all liens and encumbrances, including all state and county tax liens existing at the time of the transfer; that, consequently, there were no state or county taxes which would constitute a basis for

the tax foreclosure proceedings instituted June 1, 1928; that the decree of the court, the foreclosure sale, and the deed to the county issued in pursuance of this judgment, are nullities; and that the county acquired no title which it could convey to the plaintiffs.

■ We think the judgment of the trial court was correct and should be affirmed. However, we do not base our decision entirely upon the provisions of Rem. Rev. Stat., § 789. We think the irrigation district is estopped to assert that plaintiff did not acquire title to the property through the county tax foreclosure proceedings and their purchase of the property from the county.

In *North Spokane Irr. Dist. v. Spokane County, supra,* no rights of innocent third persons were involved. That was a proceeding by the irrigation district against the county to cancel the lien of general state and county taxes. We held, in that case, that a sale by the county treasurer pursuant to Rem. Rev. Stat., § 7448 [now Rem. Supp. 1945, § 7448], did extinguish the lien of all state and county taxes. We think the rule there announced is one that should not be extended further than necessary, and should not be applied where the rights of innocent purchasers from the county are involved and the title conveyed to the irrigation district still remains in the irrigation district.

The irrigation district in this case at no time took steps to cancel the lien of the state and county taxes, the foreclosure proceedings, or the deed issued in pursuance thereof to the county. For more than fifteen years, it permitted the tax records of Yakima county to show that the state and county taxes were foreclosed and the property sold to Yakima county. There is no showing, or attempt to show, that the property, at the sale thereof by Yakima county to the plaintiffs, did not bring all that the property was worth. It was stipulated that, in all of the matters, the plaintiffs acted in good faith, and that, at all times since they purchased the property, they have paid all personal property taxes levied upon the contract and all real property taxes levied upon the land.

Under these circumstances, we think the irrigation dis-

trict is estopped to assert that plaintiffs are not the owners of the legal and equitable title to the property. What rights, if any, the irrigation district may have to recover proceeds realized by the county from the sale of this property to plaintiffs, is a question not involved in this case. There is no equity in appellant's cross-complaint.

The judgment is affirmed.

BEALS, C. J., BLAKE, and JEFFERS, JJ., concur.